EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: emilyrose@siegelyee.com

DEBORAH M. GOLDEN, *Pro Hac Vice Forthcoming*
GOLDEN LAW
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
Telephone: (202) 630-0332
Email: dgolden@debgoldenlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.L.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA; DARRELL SMITH, in his individual capacity; RAY GARCIA, in his individual capacity,<br><br>　　　　Defendants. | ) Case No.<br>)<br>) **COMPLAINT FOR DAMAGES AND JURY**<br>) **DEMAND**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## INTRODUCTION

1. Plaintiff D.L., a transmasculine person who uses "she/her" pronouns, served a sentence in the Bureau of Prisons and was housed at Federal Corrections Institution Dublin ("FCI Dublin"), known openly at the time as "the Rape Club," for nearly four years.

2. While housed at FCI Dublin, Plaintiff D.L. faced constant sexual harassment, culminating in sexual abuse.

3. Other staff members at FCI Dublin, all the way up through Bureau of Prisons leadership, were aware of the culture of sexual abuse at FCI Dublin and did nothing to meaningfully respond or otherwise protect the people incarcerated there.

4. As a result, Plaintiff D.L. suffers from long lasting trauma.

## JURISDICTION AND VENUE

5. An actual, present, and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a).

6. This action involves claims arising under United States and California laws. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

7. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. Assignment is appropriate in the Oakland Division of this Court because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred." Furthermore, several related cases have already been assigned to District Judge Yvonne Gonzalez Rogers, and Plaintiff D.L. will list this case on the bi-monthly list that will be submitted to the Court to relate this case to those other cases.

## PARTIES

9. Plaintiff D.L. was at all times relevant here incarcerated in FCI Dublin.

10. Defendant United States of America Federal Bureau of Prisons ("BOP") is a governmental entity that operates and is in possession and control of the Federal Correctional Institute Dublin ("FCI Dublin"). FCI Dublin was a federal female low-security correctional institution.

11. Defendant Darrell Smith was a Correctional Officer at FCI Dublin. He is sued in his individual capacity.

12. Defendant Ray Garcia was the Warden and PREA Coordinator during the time of this abuse. He is sued in his individual capacity.

13. While acting and failing to act as alleged herein, Defendant United States had complete custody and total control of Plaintiff D.L. Plaintiff D.L. was dependent upon Defendant United States for his personal security and necessities.

14. In performing the acts and/or omissions contained herein, Defendants Smith and Garcia acted under color of federal law, and Plaintiff D.L. is informed and believes each acted maliciously, callously, intentionally, recklessly, with gross negligence, and with deliberate indifference to the rights and personal security of Plaintiff D.L. Each knew or should have known that their conduct, attitudes, actions, and omissions were, and are, a threat to Plaintiff D.L. and to her constitutionally and statutorily protected rights. Despite this knowledge, Defendants United States and Garcia failed to take steps to protect Plaintiff D.L. and to ensure her rights to safety from sexual abuse.

**FACTS**

15. From July or August 2020 through April 2024, Plaintiff D.L. was incarcerated at FCI Dublin.

16. During that time, Plaintiff D.L. became intimately familiar with why it was known as "the Rape Club".

17. She experienced sexual harassment and abuse from guards regularly, including transphobic comments, and saw such abuse happening to others incarcerated at Dublin.

18. Plaintiff D.L. regularly saw how other prisoners would face retaliation for reporting sexual abuse or harassment, including loss of privileges, prolonged confinement in the SHU, or loss of good-time credit resulting in a longer BOP sentence.

19. Defendant Smith taunted and tormented Plaintiff D.L. as he did with many other prisoners at Dublin.

20. Defendant Smith tried to be flirtatious with Plaintiff D.L., often walking in while she was drawing and asking her about her artwork.

21. Sometimes, he would grab the drawing out of her hand.

22. He requested that she draw a portrait of him and asked if she would draw a portrait of another prisoner.

23. In the unit, he would play music on the television and dance in front of Plaintiff D.L. and others.

24. He would move in a sexually suggestive manner.

25. He would pick flowers and place them on the windowsills for someone.

26. Plaintiff D.L. learned that her cellmate asked him to be released from a cell that she was locked in, and Defendant Smith made her cellmate show him her breasts to be released.

27. He also came into Plaintiff D.L.'s cell one evening while she was writing a letter, snatched it out of her hand, and read it.

28. He told her, as he snatched it, that he needed to make sure she wasn't telling on him.

29. Sometime between September and December 2020, Defendant Smith entered Plaintiff D.L.'s cell when she was alone.

30. He asked Plaintiff D.L., "Are you feeling left out?" and "Do you want some attention?" Initially, Plaintiff D.L. did not understand what he was referencing, but Defendant Smith then moved closer to Plaintiff D.L. and grabbed the waistband of her pants.

31. Defendant Smith told Plaintiff D.L., "You're not fooling anyone with this boy persona you have going on," and then proceeded to put his hands down Plaintiff D.L.'s pants, saying, "Let's see if it still gets wet for us men."

32. At this point, Defendant Smith had pushed Plaintiff D.L. up against the window. He then digitally penetrated Plaintiff D.L.'s vagina with one hand and had the other hand on Plaintiff D.L.'s breasts under her shirt.

33. Plaintiff D.L. was in shock and disbelief. When she heard movement outside her cell, Plaintiff D.L. was able to push Defendant Smith off her.

34. After this incident, Defendant Smith would continue making sexually inappropriate comments, including "I can't wait to taste you on my fingers again," "You let me know when you want a man inside you again," and "You're going to eventually give in like the rest of them."

35. Plaintiff D.L. was terrified of having to interact with Defendant Smith.

*D.L. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 4

36. As a result, she signed up for a job with UNICOR and transferred to a separate unit at the facility, where she was able to avoid seeing Defendant Smith as often.

37. Defendant Smith's conduct towards Plaintiff D.L. and others was overt and obvious.

38. Defendant Garcia, acting as both the Warden of FCI Dublin and the PREA Coordinator, owed a duty to the prisoners in his custody to protect them from sexual violence.

39. Defendant Garcia knew, or should have known, that Defendant Smith was sexually abusing Plaintiff D.L.

40. Plaintiff D.L. lived in fear of Defendant Smith and experienced great anxiety, fear, shame, and embarrassment over what he did to her.

41. When Defendant Smith was placed on administrative leave pending an investigation into his rampant sexual abuse, he sent a corrections officer around to see who was speaking up against him.

42. Plaintiff D.L. was frightened by the inherent threat of sending another corrections officer to find out who had reported Defendant Smith.

43. She decided for her own safety that she would not report him until she was transferred out of Dublin.

44. She never felt safe at FCI Dublin.

45. She sought out mental health treatment while at FCI Dublin, but never received any support from anyone in mental health. Her mental health declined rapidly while at FCI Dublin.

46. She continues to suffer from anxiety, fear, shame, and embarrassment.

47. Plaintiff D.L. remains in BOP custody.

## EXHAUSTION

48. On January 16, 2025, Plaintiff D.L., through separate counsel, mailed an administrative claim under the FTCA to the BOP's Western Regional Office.

49. The BOP acknowledged receipt on February 11, 2025.

50. The BOP has not substantively responded to her claim.

# EQUITABLE TOLLING

51. Plaintiff D.L. is entitled to equitable tolling for her FTCA Claim received by the BOP on January 27, 2025.

52. The FTCA's statute of limitations is subject to equitable tolling. *United States v. Wong*, 575 U.S. 402, 420 (2015).

53. Equitable tolling applies when 1) a plaintiff pursued their rights diligently, and 2) extraordinary circumstances prevented timely filing. *Wong v. Beebe*, 732 F. 2d 1030, 1052 (9th Cir. 2013).

54. Courts have long recognized that survivors of sexual abuse may be entitled to equitable tolling where trauma, fear, retaliation, and coercion prevented timely filing. *See* e.g., *Su v. United States*, No. 4:25-cv-00329-YGR (N.D. Cal. Sept. 3, 2025), ECF No. 24; *Stoll v. Runyon*, 165 F. 3d 1238, 1242 (9th Cir. 1999) (equitable tolling is appropriate where sexual abuse and post-traumatic stress disorder rendered the plaintiff unable to timely pursue a claim).

55. Plaintiff D.L. clearly faced extraordinary circumstances, preventing the timely filing of his FTCA claim.

56. Because Plaintiff D.L. remains incarcerated within the BOP, she continues to experience extraordinary circumstances preventing her from freely accessing the courts or safely pursuing her claims. As long as she remains under BOP custody and control, the threats, coercion, and fear of retaliation continue to silence her.

57. A court-appointed Special Master confirmed that during the time of Plaintiff D.L.'s incarceration, FCI Dublin lacked a safe and consistent path for women to file sex abuse complaints, that women in custody were intimidated and forced to justify why they needed to complete sex abuse complaints in the first place, and that women who tried to report abuse were met with retaliation, including solitary confinement and wrongful disciplinary infractions, which extended their incarceration.[1]

---

[1] First Report of the Special Master Pursuant to the Court's Order of March 26, 2024, U.S Bureau of Prisons Federal Correctional Institution, Dublin, Submitted by Wendy Still, Special Master U.S. District Court Northern District Court of California, June 5, 2024.

*D.L. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 6

58. Plaintiff D.L. has diligently pursued her rights by initiating this claim as soon as she felt some level of safety.

59. Plaintiff D.L. has further demonstrated that she faced extraordinary circumstances preventing her from filing within the ordinary FTCA statutory period.

60. Defendants are not entitled to benefit from their own misconduct. Equitable tolling of Plaintiff D.L.'s statute of limitations prevents this very result. Without the equitable tolling of Plaintiff's statute of limitations, Defendants would be rewarded for the very intimidation, retaliation, and constitutional violations that prevented Plaintiff from asserting her claim within the statutory period.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### GENDER VIOLENCE
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 52.4)

61. Plaintiff D.L. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

62. Plaintiff D.L. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against the United States based on the conduct of its employees, Defendants Smith and Garcia.

63. The United States is named as a defendant for the acts of these individual employees under the Federal Tort Claims Act.

64. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

65. Their positions as correctional officers and PREA coordinator were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

66. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

67. Defendant Smith discriminated against Plaintiff D.L. based on her gender when he repeatedly sexually abused Plaintiff D.L. by physically subjecting her to sexual acts.

68. Defendant Garcia discriminated against Plaintiff D.L. based on her gender by failing to protect her from sexual abuse.

69. By these acts, Defendants Smith and Garcia caused Plaintiff D.L. physical, mental, and emotional injuries as well as injury to her personal dignity.

**SECOND CLAIM FOR RELIEF**
**GENDER VIOLENCE**
**(against Defendants Smith and Garcia)**
**(Cal. Civ. Code § 52.4)**

70. Plaintiff D.L. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

71. Plaintiff D.L. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against Defendants Smith and Garcia.

72. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

73. Their positions as correctional officers and PREA coordinator were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

74. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

75. Plaintiff has a nonfrivolous argument that Defendants Smith and Garcia bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

76. Defendant Smith discriminated against Plaintiff D.L. based on her gender when he repeatedly sexually abused Plaintiff D.L. by physically subjecting her to sexual acts.

77. Defendant Garcia discriminated against Plaintiff D.L. based on her gender by failing to protect her from sexual abuse.

78.     By these acts, Defendants Smith and Garcia caused Plaintiff D.L. physical, mental, and emotional injuries as well as injury to her personal dignity.

### THIRD CLAIM FOR RELIEF
### SEXUAL ASSAULT
### (against Defendant United States)
### (FTCA; California Common Law)

79.     Plaintiff D.L. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

80.     Plaintiff D.L. brings this claim for sexual assault under the Federal Tort Claims Act for violation of California common law against the United States based on the conduct of its employee, Defendant Smith.

81.     This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

82.     His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

83.     Defendant Smith violated Plaintiff D.L.'s right to be free from sexual assault by repeatedly sexually abusing Plaintiff D.L. while she was incarcerated.

84.     Defendant Smith's sexual abuse of Plaintiff D.L. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

85.     Defendant Smith subjected Plaintiff D.L. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff D.L.'s person.

86.     By intentionally subjecting Plaintiff D.L. to sexual acts, Defendant Smith acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

87.     By repeatedly subjecting Plaintiff D.L. to sexual acts, Defendant Smith caused Plaintiff D.L. to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

//
//

**FOURTH CLAIM FOR RELIEF**
**SEXUAL ASSAULT**
**(against Defendant Smith)**
**(California Common Law)**

88.     Plaintiff D.L. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

89.     Plaintiff D.L. brings this claim for sexual assault for violation of her rights under California common law against Defendant Smith.

90.     Defendant Smith violated Plaintiff D.L.'s right to be free from sexual assault by repeatedly sexually abusing her while she was incarcerated.

91.     Defendant Smith's sexual abuse of Plaintiff D.L. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

92.     Defendant Smith subjected Plaintiff D.L. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff D.L.'s person.

93.     Plaintiff has a nonfrivolous argument that Defendant Smith bears individual liability and is not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

94.     By intentionally subjecting Plaintiff D.L. to sexual acts, Defendant Smith acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

95.     By repeatedly subjecting Plaintiff D.L. to sexual acts, Defendant Smith caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

**FIFTH CLAIM FOR RELIEF**
**SEXUAL BATTERY**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 1708.5)**

96.     Plaintiff D.L. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

97.     Plaintiff D.L. brings this claim for sexual battery under the Federal Tort Claims Act based on California Civil Code § 1708.5 against the United States for the conduct of its employee Defendant Smith.

98.     This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

99.     His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

100.     Defendant Smith committed sexual battery against Plaintiff D.L. by sexually abusing her while she was incarcerated as a minimum-security prisoner at FCI Dublin.

101.     The sexual abuse of Plaintiff D.L., a prisoner, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

102.     Defendant Smith subjected Plaintiff D.L. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff D.L.'s person.

**SIXTH CLAIM FOR RELIEF**
**SEXUAL BATTERY**
**(against Defendant Smith)**
**(Cal. Civ. Code § 1708.5)**

103.     Plaintiff D.L. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

104.     Plaintiff D.L. brings this claim for sexual battery under California Civil Code § 1708.5 against Defendant Smith.

105.     Defendant Smith committed battery against Plaintiff D.L. by sexually abusing her while she was incarcerated as a minimum-security prisoner at FCI Dublin.

106.     Plaintiff has a nonfrivolous argument that Defendant Smith bears individual liability and is not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

107.     The sexual abuse of Plaintiff D.L., a prisoner, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

108.     Defendant Smith subjected Plaintiff D.L. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff D.L.'s person.

## SEVENTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against Defendant United States)
### (FTCA; California Common Law)

109.    Plaintiff D.L. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

110.    Plaintiff D.L. brings this claim under the Federal Tort Claims Act for the intentional infliction of emotional distress against the United States based on the conduct of Defendant Smith.

111.    This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

112.    His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

113.    Defendant Smith engaged in outrageous conduct by repeatedly subjecting Plaintiff D.L. to sexual acts while she was incarcerated as a prisoner in his employer's custody. He abused his authority over Plaintiff D.L. and his power to affect Plaintiff D.L. in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

114.    Defendant Smith's sexual abuse caused Plaintiff D.L. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

115.    Defendant Smith intended to cause Plaintiff D.L. this emotional distress because he knew that emotional distress was likely to result from his sexual abuse of a prisoner.

## EIGHTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against Defendant Smith)
### (California Common Law)

116.    Plaintiff D.L. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

117.   Plaintiff D.L. brings this claim for the intentional infliction of emotional distress against Defendant Smith.

118.   Defendant Smith engaged in outrageous conduct by repeatedly subjecting Plaintiff D.L. to sexual acts while she was incarcerated as a prisoner in his employer's custody. He abused his authority over Plaintiff D.L. and his power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

119.   Plaintiff has a nonfrivolous argument that Defendant Smith bears individual liability and is not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

120.   Defendant Smith's sexual abuse caused Plaintiff D.L. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

121.   Defendant Smith intended to cause Plaintiff D.L. this emotional distress because he knew that emotional distress was likely to result from his sexual abuse of a prisoner.

### NINTH CLAIM FOR RELIEF
### BANE ACT
### (against all Defendants)
### (FTCA; Cal. Civ. Code § 52.1)

122.   Plaintiff D.L. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

123.   Plaintiff D.L. was in the custody and control of the United States during all relevant times.

124.   Defendants Smith and Garcia violated Plaintiff D.L.'s rights to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; her right under the First Amendment to be free from retaliation for engaging in protected conduct such as reporting sexual abuse; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

125.    Plaintiff has a nonfrivolous argument that Defendants Smith and Garcia bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

126.    Defendant United States, by the actions of its employees Defendants Smith and Garcia, interfered with Plaintiff D.L.'s right to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; her right under the First Amendment to be free from retaliation for engaging in protected conduct such as reporting sexual abuse; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

127.    As a proximate result of these acts, Plaintiff D.L. sustained damage and injury.

### TENTH CLAIM FOR RELIEF
### TRAFFICKING VICTIMS PROTECTION ACT
### (against all Defendants)
### (18 U.S.C. § 1581, *et seq.*)

128.    Plaintiff D.L. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

129.    Defendant Smith knowingly recruited, enticed, and solicited Plaintiff D.L. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

130.    Defendant Smith made Plaintiff D.L. engage in sex acts through force and coercion.

131.    Defendant Garcia knew of, or should have reasonably known, that Defendant Smith was soliciting Plaintiff D.L. in exchange for sex acts, and benefited by failing to protect Plaintiff D.L.

132.    Plaintiff has a nonfrivolous argument that Defendants Smith and Garcia bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

133. This conduct has caused Plaintiff D.L. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm, and she has a claim for damages for such violations under 18 U.S.C. § 1591, 18 U.S.C. § 1595.

**ELEVENTH CLAIM FOR RELIEF**
**CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 52.5)**

134. Plaintiff D.L. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

135. Defendant Smith knowingly recruited, enticed, and solicited Plaintiff D.L. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

136. Defendant Smith made Plaintiff D.L. engage in sex acts through force and coercion.

137. Defendant Garcia knew or should have known that Defendant Smith was engaged in these activities and intentionally placed Plaintiff D.L. at greater risk of harm and/or failed to act in a manner that protected Plaintiff D.L. from harm.

138. Defendant United States employed Defendants Smith and Garcia, whose actions and/or inactions occurred while they were acting as federal employees under the color of law.

139. This conduct has caused Plaintiff D.L. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

**TWELFTH CLAIM FOR RELIEF**
**CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT**
**(against Defendants Smith and Garcia)**
**(Cal. Civ. Code § 52.5)**

140. Plaintiff D.L. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

141. Defendant Smith knowingly recruited, enticed, and solicited Plaintiff D.L. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

142. Defendant Smith made Plaintiff D.L. engage in sex acts through force and coercion.

143. Defendant Garcia knew or should have known that Defendant Smith was engaged in these activities and intentionally placed Plaintiff D.L. in greater risk of harm and/or failed to act in a manner that protected Plaintiff D.L. from harm.

144. Plaintiff has a nonfrivolous argument that Defendants Smith and Garcia bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

145. This conduct has caused Plaintiff D.L. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

## PRAYER FOR RELIEF

146. Plaintiff D.L. prays for judgment against Defendant, and each of them, as follows:

(a) An award of damages, including compensatory, special, punitive, and nominal damages, to Plaintiff D.L. in an amount to be determined at trial;

(b) An award to Plaintiff D.L. of the costs of this suit and reasonable attorneys' fees and litigation expenses, including expert witness fees; and

(c) For such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff D.L. hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: March 9, 2026          SIEGEL, YEE, BRUNNER & MEHTA

By:_____
      EmilyRose Johns

GOLDEN LAW

By: /s/ Deborah M. Golden
      Deborah M. Golden

DC Bar # 470-578
Motion for *pro hac vice* forthcoming

*Attorneys for Plaintiff*

*D.L. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 16